# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-51211
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL JAIME-VILLAFUERTE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2128-ALL

Before WIENER, DEMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Jaime-Villafuerte (Jaime), a Mexican citizen, appeals the 50-month prison sentence imposed by the district court after he pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326(a). He argues that the sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a)and specifically asserts that, in light of *Kimbrough v. United States*, 128 S. Ct. 558 (2007), the presumption of reasonableness does not apply to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

within-guidelines sentence because the illegal reentry guideline, U.S.S.G. § 2L1.2, is flawed in that it is not supported by empirical studies. Jaime further asserts that the 16-step offense level enhancement he received pursuant to § 2L1.2(b)(1)(A)(I) for a prior drug offense conviction over represented the seriousness of his criminal history and his propensity to commit future crimes.

We have consistently rejected Jaime's "empirical data" argument, concluding that *Kimbrough* does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). Accordingly, Jaime's correctly calculated within-guidelines sentence is afforded a presumption of reasonableness. *See Duarte*, 569 F.3d at 529-30. Jaime has not rebutted that presumption. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).

Jaime has not shown that the 50-month sentence imposed by the district court was unreasonable. The record demonstrates that the district court properly made an individualized assessment to determine whether a sentence within the guidelines range was sufficient but not greater than necessary to achieve the goals of § 3553(a). *See Rita v. United States*, 127 S. Ct. 2456, 2463 (2007). The judgment of the district court is AFFIRMED.